UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MOHAMMAD HUSAN HUSSAINI,

Petitioner,

v.

LAURA HERMOSILLO, et al.,

Respondents.

Case No. 2:26-cv-01618-TLF

ORDER DENYING
RESPONDENTS' MOTION FOR
RECONSIDERATION (DKT. 14)

The matter before the Court is respondents' Motion for Reconsideration (Dkt. 14) of the Court's Order granting (Dkt. 13) petitioner's Motion to Expedite Briefing (Dkt. 12).

Respondents cite Western District of Washington Local Civil Rule ("LCR") 7 and General Order 10-25. Dkt. 14. Respondents argue "[p]etitioner's circumstances do not present the type of extraordinary situation contemplated for expedited treatment" and "[p]etitioner has already received substantial process in connection with his earlier habeas proceedings, including an order granting relief and a bond hearing." Dkt. 14. Respondents further argue the Order "bypass[es] the scheduling framework applicable to similarly situated detainees . . . proceeding under the Court's standard schedule." Dkt. 14.

Respondents rely on LCR 7, which sets noting and briefing schedules for various motions, and General Order 10-25, which presents a standard scheduling order

ORDER DENYING RESPONDENTS' MOTION FOR
RECONSIDERATION (DKT. 14) - 1

normally providing 14 days for the respondents to answer a petition, with some procedures for expedited briefing.[1]

The Court notes that LCR 1 advises the Local Rules should be interpreted in a way that is consistent with the Federal Rules and "to promote the just, efficient, speedy, and economical determination of every action and proceeding." LCR 1(a). *See also* 28 U.S.C. § 2243 (generally stating that a habeas petition "shall be returned within three days unless for good cause additional time, not exceeding twenty days . . ."); Rules Governing Section 2254 Cases in the United States District Courts, Rule 1(b) (these Rules may be applied to other types of habeas corpus petitions); Rule 4 (". . .the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."); Rule 12 (Federal Rules of Civil Procedure apply unless inconsistent with these Rules, or inconsistent with statutory provisions).

Courts have discretion to determine when the respondent's answer to a 28 U.S.C. § 2241 habeas corpus petition is due. *See Clutchette v. Rushen*, 770 F.2d 1469, 1474-75 (9th Cir. 1985) (holding that the trial court had inherent authority, statutory authority, and authority under the Rules Governing Habeas Corpus, to expand the time for the respondent to answer a petition filed under Section 2254); *see also Reyes v. Hermosilla*, No. C25-2525-JNW-MLP, 2025 WL 3554642, at *1 (W.D. Wash. Dec. 11, 2025) (citing *Clutchette*, 770 F.2d at 1474-75) ("Courts have discretion in setting the

---

[1] General Order 10-25 provides that "[i]f either party seeks an expedited or enlarged briefing schedule, counsel for that party . . . shall contact the opposing counsel . . . promptly to meet and confer" and then "file a joint expedited motion . . ." Here, petitioner's Motion to Expedite states his "counsel has conferred with the U.S. Attorney's Office about the foregoing request," which respondents' counsel stated they "oppose." Dkt. 12.

ORDER DENYING RESPONDENTS' MOTION FOR
RECONSIDERATION (DKT. 14) - 2

briefing schedule for a § 2241 habeas petition and consider the individual circumstances of each case when determining appropriate deadlines.").

Here, the Court interpreted petitioner's motion to enforce as presenting new grounds after the previous petition had been decided; the Court ordered that a new case would be opened for the instant petition. *See* Dkt. 1. This new petition alleges "[r]espondents failed to provide the bond hearing this Court ordered." Dkt. 2 (alleging also that "DHS . . . submitted nothing until the [Immigration Judge] asked for the arrest report, despite bearing the burden of proof" and "[c]oncluding that [he] was a flight risk by clear and convincing evidence on this record was an abuse of discretion . . .").

The Court, based on the individual circumstances and procedural posture of this matter, appropriately exercised discretion to grant petitioner's request for expedited briefing. *See* Rule 4, of Rules Governing Section 2254 Cases in the United States District Courts (". . . the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."); *Clutchette*, 770 F.2d at 1474-75.

Accordingly, the Court **DENIES** respondents' Motion for Reconsideration. Dkt. 14.

Dated this 20th day of May, 2026.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge

ORDER DENYING RESPONDENTS' MOTION FOR
RECONSIDERATION (DKT. 14) - 3